### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JENNIFER LEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| vs. | ) | |
| | ) | Sangamon County Circuit Court |
| CASEY'S GENERAL STORES, INC., | ) | No. 16-L-28 |
| and CASEY'S RETAIL COMPANY, | ) | |
| | ) | **NOTICE OF REMOVAL OF** |
| Defendants. | ) | **ACTION UNDER 28 U.S.C.** |
| | ) | **§1441(b)** |
| | ) | **(DIVERSITY JURISDICTION)** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |

### DEFENDANTS CASEY'S GENERAL STORES, INC. AND CASEY'S RETAIL COMPANY'S JOINT ANSWER TO PLAINTIFF'S COMPLAINT AT LAW AND AFFIRMATIVE DEFENSES

### Count I

**COMES NOW**, Defendants Casey's General Stores, Inc. (hereinafter "*CGS*") and Casey's Retail Company (hereinafter "*CRC*"), by and through their attorneys and for their Answer to Count I of Plaintiff Jennifer Lee's (hereinafter "*Plaintiff*") Complaint states to the Court as follows:

1.    Defendants CGS and CRC admit they were licensed to do business in Illinois, but Defendant CGS deny ownership of the gas station subject to the lawsuit. Rather, said gas station is owned and managed by Defendant CRC.

2.    Defendants CGS and CRC deny the allegations contained in Paragraph 2 of Count I of Plaintiff's Complaint.

3.    Defendants CGS and CRC deny the allegations contained in Paragraph 3 of Count I of Plaintiff's Complaint.

4.      Defendants CGS and CRC deny the allegations contained in Paragraph 4 of Count I of Plaintiff's Complaint.

5.      Defendants CGS and CRC deny the allegations contained in Paragraph 5 of Count I of Plaintiff's Complaint.

6.      Defendants CGS and CRC deny the allegations contained in Paragraph 6 of Count I of Plaintiff's Complaint.

7.      Defendants CGS and CRC deny the allegations contained in Paragraph 7 of Count I of Plaintiff's Complaint.

8.      Defendants CGS and CRC deny the allegations contained in Paragraph 8 of Count I of Plaintiff's Complaint.

9.      Defendants CGS and CRC deny the allegations contained in Paragraph 9 of Count I of Plaintiff's Complaint.

10.      Defendants CGS and CRC deny the allegations contained in Paragraph 10 of Count I of Plaintiff's Complaint.

11.      Defendants CGS and CRC deny the allegations contained in Paragraph 11 of Count I of Plaintiff's Complaint.

12.      Defendants CGS and CRC deny the allegations contained in Paragraph 12 of Count I of Plaintiff's Complaint.

13.      Defendants CGS and CRC deny the allegations contained in Paragraph 13 of Count I of Plaintiff's Complaint.

14.      Defendants CGS and CRC deny the allegations contained in Paragraph 14 of Count I of Plaintiff's Complaint.

15.     Defendants CGS and CRC deny the allegations contained in Paragraph 15 of Count I of Plaintiff's Complaint.

16.     Defendants CGS and CRC deny the allegations contained in Paragraph 16 of Count I of Plaintiff's Complaint.

17.     Defendants CGS and CRC deny the allegations contained in Paragraph 17 of Count I of Plaintiff's Complaint.

18.     Defendants CGS and CRC deny the allegations contained in Paragraph 18 of Count I of Plaintiff's Complaint, including subparts a through j.

19.     Defendants CGS and CRC deny the allegations contained in Paragraph 19 of Count I of Plaintiff's Complaint.

20.     Defendants CGS and CRC deny the allegations contained in Paragraph 20 of Count I of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1.     For their first Affirmative Defense, Defendants CGS and CRC state that Plaintiff's Complaint fails to state a claim for which relief can be granted against these Defendants.

2.     By way of Answer and for their further affirmative defense and without admitting any of the allegations not specifically admitted and specifically denying same, Defendants CGS and CRC state that any alleged condition of ice, snow or other slippery material on the Premises, if any, was the result of the natural conditions that existed on the Premises at the time.

3.     By way of Answer and for their further Affirmative Defense and without admitting any of the allegations not specifically admitted and specifically denying same, Defendants CGS and CRC states that any alleged conditions of Premises, if any, that existed was

3

an open and obvious condition of which Plaintiff knew or should have known, and about which Plaintiff had warning.

4.    By way of Answer and for their further Affirmative Defenses, without admitting any of the allegations not specifically admitted and specifically denying same, Defendants CGS and CRC state that Plaintiff's alleged injuries proximately resulted from Plaintiff's contributory negligence and the Plaintiff was either the sole cause of, or a cause that was at least greater than 50% responsible for, her alleged injuries.

5.    By way of Answer and for their further Affirmative Defense, without admitting any of the allegations not previously admitted, and specifically denying same, Defendants CGS and CRC state that any alleged injuries which Plaintiff may have suffered were caused or contributed to by Plaintiff's own negligence in one or more of the following respects:

   a)    Plaintiff failed to keep a proper lookout;

   b)    Plaintiff failed to mitigate her damages; and

   c)    Plaintiff failed to use proper care to avoid the alleged condition.

6.    By way of Answer and for their further Affirmative Defense, without admitting any of the allegations not previously admitted, and specifically denying same, Defendants CGS and CRC state that Plaintiff failed to exercise reasonable care for her own safety so that Plaintiff was at fault or comparatively at fault for her own alleged fall and injuries.  Defendants CGS and CRC therefore requests assessment of Plaintiff's comparative fault with the jury based on her failure to exercise reasonable care for her own safety, such as keep a careful lookout, mitigate her damages, or use proper care to avoid the alleged condition.

**WHEREFORE,** Defendants Casey's General Stores, Inc. and Casey's Retail Company respectfully request that Count I Plaintiff Jennifer Lee's Complaint be dismissed henceforth and

for their costs and attorney's fees and for any other such relief as the Court seems just and proper under the circumstances.

## Count II

**COMES NOW** Defendants Casey's Retail Company (hereinafter "***CRC***") and Defendant Casey's General Stores, Inc. (hereinafter "***CGS***"), by and through their attorneys and for their Answer to Count II of Plaintiff Jennifer Lee's (hereinafter "***Plaintiff***") Complaint states to the Court as follows:

1.    Defendants CRC and CGS admit the allegations contained in Paragraph 1 of Court II of Plaintiff's Complaint.

2.    Defendants CRC and CGS admit the allegations contained in Paragraph 2 of Court II of Plaintiff's Complaint.

3.    Defendants CRC and CGS deny the allegations contained in Paragraph 3 of Court II of Plaintiff's Complaint.

4.    Defendants CRC and CGS deny the allegations contained in Paragraph 4 of Court II of Plaintiff's Complaint.

5.    Defendants CRC and CGS deny the allegations contained in Paragraph 5 of Court II of Plaintiff's Complaint.

6.    Defendants CRC and CGS deny the allegations contained in Paragraph 6 of Court II of Plaintiff's Complaint.

7.    Defendants CRC and CGS deny the allegations contained in Paragraph 7 of Court II of Plaintiff's Complaint.

8.    Defendants CRC and CGS deny the allegations contained in Paragraph 8 of Court II of Plaintiff's Complaint.

9.      Defendants CRC and CGS deny the allegations contained in Paragraph 9 of Court II of Plaintiff's Complaint.

10.     Defendants CRC and CGS deny the allegations contained in Paragraph 10 of Court II of Plaintiff's Complaint.

11.     Defendants CRC and CGS deny the allegations contained in Paragraph 11 of Court II of Plaintiff's Complaint.

12.     Defendants CRC and CGS deny the allegations contained in Paragraph 12 of Court II of Plaintiff's Complaint.

13.     Defendants CRC and CGS deny the allegations contained in Paragraph 13 of Court II of Plaintiff's Complaint.

14.     Defendants CRC and CGS deny the allegations contained in Paragraph 14 of Court II of Plaintiff's Complaint.

15.     Defendants CRC and CGS deny the allegations contained in Paragraph 15 of Court II of Plaintiff's Complaint.

16.     Defendants CRC and CGS deny the allegations contained in Paragraph 16 of Court II of Plaintiff's Complaint.

17.     Defendants CRC and CGS deny the allegations contained in Paragraph 17 of Court II of Plaintiff's Complaint.

18.     Defendants CRC and CGS deny the allegations contained in Paragraph 18 of Count II of Plaintiff's Complaint, including subparts a through j.

19.     Defendants CRC and CGS deny the allegations contained in Paragraph 19 of Court II of Plaintiff's Complaint.

20.    Defendants CRC and CGS deny the allegations contained in Paragraph 20 of Court II of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.    For their first Affirmative Defense, Defendants CRC and CGS state that Plaintiff's Complaint fails to state a claim for which relief can be granted against these Defendants.

2.    By way of Answer and for their further affirmative defense and without admitting any of the allegations not specifically admitted and specifically denying same, Defendants CRC and CGS states that any alleged condition of ice, snow or other slippery material on the Premises, if any, was the result of the natural conditions that existed on the Premises at the time.

3.    By way of Answer and for their further Affirmative Defense and without admitting any of the allegations not specifically admitted and specifically denying same, Defendants CRC and CGS state that any alleged conditions of Premises, if any, that existed was an open and obvious condition of which Plaintiff knew or should have known, and about which Plaintiff had warning.

4.    By way of Answer and for their further Affirmative Defense, without admitting any of the allegations not previously admitted, and specifically denying same, Defendants CRC and CGS state that Plaintiff's alleged injuries proximately resulted from Plaintiff's contributory negligence and the Plaintiff was either the sole cause of, or a cause that was at least greater than 50% responsible for, her alleged injuries.

5.    By way of Answer and for their further Affirmative Defense, without admitting any of the allegations not previously admitted, and specifically denying same, Defendants CRC

and CGS state that any alleged injuries which Plaintiff may have suffered were caused or contributed to by Plaintiff's own negligence in one or more of the following respects:

      a)     Plaintiff failed to keep a proper lookout;

      b)     Plaintiff failed to mitigate his damages; and

      c)     Plaintiff failed to use proper care to avoid the alleged condition.

      6.     By way of Answer and for their further Affirmative Defense, without admitting any of the allegations not previously admitted, and specifically denying same, Defendants CRC and CGS state that Plaintiff failed to exercise reasonable care for his own safety so that Plaintiff was at fault or comparatively at fault for his own alleged fall and injuries.  Defendants CRC and CGS therefore request assessment of Plaintiff's comparative fault with the jury based on her failure to exercise reasonable care for her own safety, such as keep a careful lookout, mitigate her damages, or use proper care to avoid the alleged condition.

      **WHEREFORE,** Defendants Casey's Retail Company and Casey's General Stores, Inc. respectfully request that Count II of Plaintiff Jennifer Lee's Complaint be dismissed henceforth and for their costs and attorney's fees and for any other such relief as the Court seems just and proper under the circumstances.

Dated:  March 11, 2016              Respectfully submitted,

                                 **TEASDALE & ASSOCIATES, LLC**

                                 /s/ Douglas S. Teasdale          
                                 Douglas S. Teasdale, #6220226
                                 5017 Washington Place, Suite 302
                                 St. Louis, Missouri 63108
                                 Tel: (314) 725-5353   Fax: (314) 454-0065
                                 dteasdale@teasdalelaw.com
                                 ***Attorney for Defendant Casey's General Stores, Inc. and Casey's Retail Company***

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on 11th day of March, 2016, the foregoing document was filed electronically with the Clerk of the United States District Court, Central District of Illinois, to be served by operation of the Court's electronic filing system upon:

Jeffrey I. Cisco
KANOSKI BRESNEY
2730 S. MacArthur Blvd.
Springfield, IL  62704
Telephone:  (217) 523-7742
Facsimile:  (217) 523--1412
Email:  jeffc@kanoski.com
***Attorney for Plaintiff***

/s/ Douglas S. Teasdale
Douglas S. Teasdale